**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 26, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 03-41357**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GLEN BOLIVER,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**USDC No. 4:03-CR-15-1**

_____

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Glen Boliver appeals his 235-month sentence for con-spiring to manufacture methamphetamine. He contends that the district court erred by (1) attributing 10 pounds (4.3 kilograms) of methamphetamine to him; (2) adjusting his offense level for possession of a firearm; (3) attributing one criminal-history point for a theft conviction; and (4) declining to depart downward

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because a conviction for driving with a suspended license, which resulted in one criminal-history point, overrepresented the seriousness of Boliver's criminal history.

Any error in the attribution of 10 pounds of methamphetamine was harmless. There was sufficient evidence in the record to support attribution of at least two kilograms of methamphetamine, which together with the 3.2 grams of cocaine he possessed, placed Boliver at base offense level 34, the same base offense level applicable to 10 pounds. U.S.S.G. § 2D1.1(c)(3); see United States v. Narviz-Guerra, 148 F.3d 530, 537-38 (5th Cir. 1998).

The evidence supported the adjustment for possession of a firearm. James Helton's testimony indicated that Boliver possessed a firearm during a drug-related confrontation. See United States v. Eastland, 989 F.3d 760, 770 (5th Cir. 1993); U.S.S.G. § 2D1.1(b)(1).

The district court's comments at sentencing did not indicate that the district court was unaware of its discretion to depart downwardly based on possible overrepresentation of the seriousness of Boliver's criminal history. We therefore lack jurisdiction to consider whether the district court erred by declining to depart. United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

We need not address Boliver's contention regarding the one criminal history point assigned to his theft offense -- any

2

error regarding the assignment of that point would be harmless, as Boliver would remain in criminal history category III. <u>See</u> <u>Narviz-Guerra</u>, 148 F.3d at 537-38.

**AFFIRMED.**